*Litchfield,*
June, 1833.

Beach,
*v.*
Baldwin.

---

WADSWORTH *against* MARSH.

Where *A.*, a creditor of *B.*, received from *C.*, on his disclosure in a process of foreign attachment, a sum of money due from *C.* to *B.*, as the purchase money of land conveyed ; it was held, in a subsequent suit between *A.* and *C.*, 1. that *A.* was not thereby estopped or precluded from shewing, that such conveyance was fraudulent and void as against creditors ; and 2. that these proceedings furnished no evidence for *C.*, that the conveyance was *bona fide.*

Litchfield,
June, 1833.

Wadsworth
v.
Marsh.

This was an action of ejectment, tried at *Litchfield*, *February*, term, 1833, before *Williams*, J.

On the 21st of *March*, 1831, the demanded premises were the undisputed property of *Chauncey Seymour*, jun. The plaintiff claimed, that he, being the creditor of *Seymour*, acquired title thereto, by the levy thereon of certain executions in his favour. The defendant claimed title, by a deed from *Seymour*, executed on the 21st of *March*, 1831, previous to the levy of the plaintiff's executions. This deed, the plaintiff claimed, was fraudulent and void as against the creditors of *Seymour ;* and whether it was so or not, was the principal question on the trial.

The defendant offered evidence, conducing to prove, that the plaintiff, on the 12th of *April*, 1831, brought five suits, by process of foreign attachment, against *Seymour*, each of which was served on the defendant, as the trustee and debtor of *Seymour*, and also by attaching the land in controversy ; that the defendant appeared before the court, to which these writs were made returnable, for the purpose of examination and disclosure, pursuant to the statute, and on such examination, stated, that he was indebted to *Seymour*, in the sum of 190 dollars, being the consideration of said land, remaining unpaid, and was not indebted to him in any greater sum, or on any other account ; that thereupon the court found, that at the time of the service of the plaintiff's writs, the garnishee [the present defendant] was indebted to *Seymour*, in the sum of 190 dollars ; that subsequently, the plaintiff recovered judgment in each of the suits against *Seymour*, took out executions, and procured a demand to be made of the defendant, as garnishee, who paid over to the officer 59 dollars, 41 cents, part of said sum of 190 dollars, which was indorsed on one of the executions, the balance having been paid to satisfy two other executions in favour of *Seymour's* creditors, who had previously attached the debts ; and that the other executions, by direction of the plaintiff, were levied on the land in controversy, which was set off to the plaintiff, in satisfaction of such executions.

This evidence having been admitted, subject to the opinion of the court, the plaintiff objected to it, as irrelevant, particularly to that part of it founded on the disclosure of the defendant. The defendant insisted, that the evidence was proper,

and that the jury ought to be instructed, that if they should find these facts to be proved, the plaintiff was thereby estopped and concluded from insisting, that said deed was executed with intent to defraud the creditors of *Seymour*, or at least, that the evidence conduced to prove, that the deed was executed *bona fide* and upon a valuable consideration.

The court charged the jury, that if they should find the deed fraudulent and void as against the creditors of *Seymour*, the facts relied upon, by the defendant, arising out of, and connected with the proceedings in foreign attachment, would constitute no objection to the plaintiff's recovery.

The jury returned a verdict for the plaintiff; and the defendant moved for a new trial for a misdirection.

*J. W. Huntington* and *T. Smith*, in support of the motion, contended, That the plaintiff, by taking the consideration of the conveyance, and thus insisting, that the defendant had a valid title, was estopped and concluded from resorting to the land conveyed. In support of this general proposition, they contended, that the plaintiff, by acquiring the rights of *Seymour* to the consideration, incurred an obligation to treat the conveyance as valid; that the plaintiff became the legal assignee of *Seymour*, in relation to the consideration; that he came in under the deed, and made himself privy to it; that he actually concurred in perfecting the title of the defendant, by receiving the purchase money, and thus discharged the estate from a lien, which the law raised in favour of the grantor; that by first taking the consideration, thereby affirming, that the sale is valid, and afterwards declaring that the sale is void, he advances propositions that are directly repugnant to each other; and *allegans contraria non est audiendus.* When the plaintiff proceeded for the consideration, he, in effect, affirmed, not only that the deed was valid, as between the parties, but *bona fide*, as to creditors, on the ground that the court will never compel the grantee to pay the consideration, where the deed is fraudulent, but will require the creditor to resort to the property itself. The conveyance and promise to pay the consideration, constitute one contract; and the plaintiff is bound to treat it as wholly valid, or wholly void. *Wilson* v. Lord *J. Townsend*, 2 *Ves.* jun. 693.

In support of the general principle contended for, the fol-

*Litchfield,*
*June, 1833.*

Wadsworth
*v.*
Marsh.

lowing authorities were cited.   *How* v. *Field* & al. 5 *Mass. Rep.* 390.   *Thomas* v. *Goodwin* & al. 12 *Mass. Rep.* 140. *Howland* v. *Wilson*, 9 *Pick.* 18.   *Bissell* v. *Strong*, 9 *Pick.* 562. and a case tried in *New-Haven* county, before the superior court, consisting of five judges, wherein it was decided, that where one creditor has taken the property conveyed, another cannot resort to the consideration. (*a*)   *A fortiori* the same creditor cannot do both these things.

*P. Miner* and *W. G. Williams*, contra, relied upon the positive provisions of the statute, declaring conveyances with intent to defraud creditors, to be *utterly void* as against creditors.   *Stat.* 247. *tit.* 40. *s.* 1.   The plaintiff has acquired a title to the land in question, by the levy of his executions, unless the conveyance, as to *him* at least, is not void.   The ground taken by the defendant, is, that the plaintiff cannot insist on the statute.   Why not ?   Because the defendant, in a process of foreign attachment instituted by the plaintiff, voluntarily came in, and disclosed the fact, that he was indebted to the plaintiff's debtor; and the court thereupon found this fact.   Neither the disclosure of the defendant, nor the finding of the court, was *conclusive* upon the parties; but both would be open for reexamination on the *scire-facias.*   The defendant chose to pay the money; and the plaintiff took it.   Was this an estoppel ? Here was no deed ; nor was there any judgment or finding of the court, that can operate as an estoppel.

There is no greater hardship on the grantee, where a creditor of the grantor first takes the purchase money, and afterwards takes the land, than there is where the grantee has paid the purchase money to the grantor, and then a creditor takes the land.   The latter is a case of common occurrence.

CHURCH, J.   By the provisions of the statute of this state, as well as by the principles of the common law, all conveyances of land, made with intent to avoid any debt or duty of others, shall be utterly void as against those persons only, their heirs, executors, administrators or assigns, whose debt or duty is endeavoured to be avoided, notwithstanding any consideration upon which such contract may be pretended to have been

(*a*) *Ex relatione N. Smith.*

made.   The validity of the conveyance does not depend entirely upon the consideration received by the grantee, but upon the intent of the parties to it ; for if the purpose be iniquitous, the conveyance will be void, though the consideration be valuable.   *Cadogan* v. *Bennett, Cowp.* 434.   1 *Burr.* 474, 5.   *Beals* v. *Gurnsey,* 8 *Johns. Rep.* 446.   *Fox* v. *Hills,* 1 *Conn. Rep.* 295.   *Preston* v. *Crofut,* 1 *Conn. Rep.* 527. n.

Such a conveyance is not merely voidable ; it is *void, utterly void,* as against the creditors of the grantee.   1 *Sw. Dig.* 282.   *Merill* v. *Meachum,* 5 *Day* 341.   And it follows, as a legal consequence, that the creditors of the fraudulent grantor may conduct themselves and treat the land thus pretendedly conveyed, as if a deed had never existed.   *Preston* v. *Crofut,* 1 *Conn. Rep.* 527. n.   The deed in question was void as to the creditors of *Seymour* generally ; and therefore, must have been void as to this plaintiff, who was one of those creditors, unless by his own acts in attaching and recovering money in the hands of the defendant, as the debtor of *Seymour,* he has estopped and precluded himself from contending for the truth and proving the fraud.

Estoppels are a species of evidence derived from the admission of parties, and which the policy of the law considers as conclusive upon them.   They are not known in equity ; and in law, they are not to be favoured.   *Saund. Pl. & Ev.* 41.   *Com. Dig. tit.* Estoppel. E. 1.

Acts amounting to estoppels, are presumed to be acts of deliberation, and such as, in legal contemplation, necessarily furnish conclusive evidence of the truth of that fact, which the actor is estopped to deny.   It is difficult to see how the doctrine of estoppels can be made to apply to the facts disclosed in the present case.

The plaintiff, in his suit against *Seymour,* summoned the defendant to appear on the return of the process, and disclose on oath, whether he was the debtor of *Seymour ;* and by the same process, he attached the land in controversy, as *Seymour's* land ; but the defendant was not charged with being the debtor of *Seymour,* by reason of his purchase of this land ; nor does it appear, that at the time, the plaintiff had knowledge of this fact.   The defendant came in under the summons, and disclosed, that he was the debtor of *Seymour,* on account of this land, to an amount remaining due, of 190 dollars. This

disclosure of the defendant, might have been an estoppel as against *him;* but the plaintiff could be estopped only by some act of his own. The county court found the defendant indebted to *Seymour,* in the sum aforesaid; and it is presumed, that this finding was the result of the defendant's disclosure alone, as it does not appear, that there was any other testimony in the case.

Upon this disclosure, relying upon it as true, the plaintiff proceeded against the defendant as garnishee, and received of him only the sum of 59 dollars, 41 cents; and for the balance remaining due on the execution, he levied upon, and set off, in due form of law, the land in question. And this act of receiving of the defendant the sum of 59 dollars, 41 cents, is said to be such an act of the plaintiff, as to operate as an estoppel, and prevent him now from proving the conveyance from *Seymour* to *Marsh* to be fraudulent. It is said, the plaintiff has come in under the deed, and has taken benefit of the consideration, and cannot now deny its validity. The plaintiff has done nothing, which was not induced, by the disclosure of the defendant. If his disclosure was false, is the plaintiff to be estopped by it? Such a consequence cannot be admitted. On the contrary, if the defendant, by a false disclosure, has contracted contradictory obligations, and subjected himself to superadded liabilities, the fault and the misfortune are both his own; but no person can be estopped, by an act, which is the result either of duress, or the fraud or falsehood of another. 1 *Saund. Pl. & Ev.* 37. 39. *Bull. N. P.* 298. 1 *Stark. Ev.* 304.

The facts, then, which the defendant offered in evidence, for the purpose of proving an estoppel, for such purpose, were properly excluded. Neither were they admissible as conducing, in the least degree, to prove, that the deed from *Seymour* to *Marsh,* was, in fact, *bona fide.* That deed, if fraudulent and void, was so when executed; and no subsequent act of the plaintiff, who was a stranger to it, could affect it; nor could the parties to it, set it up as a good deed against any of the creditors of *Seymour.* *Preston* v. *Crofut,* 1 *Conn. Rep.* 527. n. *Merill* v. *Meachum,* 5 *Day* 241.

I would not, therefore, direct a new trial.

The other Judges were of the same opinion.

New trial not to be granted.